## THE HEIRS OF MIMS V. HUGGINS.

1. The confirmation, by Congress, of a title acquired under the Spanish Government, will not affect the question of the *fact* of possession.

Error to the Circuit Court of Mobile County.

THE facts of this case are substantially the same, as the preceding case of Innerarity v. The heirs of Mims. A great many important questions were presented by the bill of exceptions, which were not considered in this court, as the case turned upon the same point,—the statute of limitations. It is therefore, not necessary to make any remarks, further than to refer to the opinion of the court in which the facts, so far as they are necessary, are set forth.

CAMPBELL, for the plaintiffs in error.
STEWART, contra.

ORMOND, J.—This case, which was commenced in the court below by the plaintiffs in error, to recover of the defendants in error, a lot in the city of Mobile, is in most of its features, like

the preceding case of Innerarity v. The heirs of Mims, as in both cases, the defendants in the court below, relied on the act forbidding an entry on lands, after the lapse of twenty years from the date of the possession. On this point, in this case, the plaintiffs moved the court to charge the jury, that the statute of limitations of twenty years, did not commence running, until the defendants had obtained a confirmation of their claim from the United States, which charge the court refused to give.

The defendants had offered in evidence, a *concession*, which was granted by the Baron de Carondelet, in May, 1798, to one John Baker, and subsequently confirmed by the act of Congress of May 1822, to one William E. Kennedy, to whom the lot had been conveyed, and in whose favor the commissioner appointed by virtue of the previous act of Congress, had reported. It is not stated in the record, when the possession of Baker, or those claiming under him, commenced; but we must presume that it was anterior to the confirmation by Congress, and sufficient to bar the action, if computed from the period of its actual occurrence, as otherwise, there could be no motive for the charge asked for.

The principles laid down by this court, in the case of Innerarity v. The heirs of Mims, are decisive of this case. We there held, that a possession of lands in the same territory where this lot is situated, when it became important to ascertain that fact, would be dated from the period of its actual occurrence. In that case it was insisted, that the act of limitations, could not reach a possession acquired in 1805, because the laws of the Mississippi Territory were not in force until the passage of the act of Congress of 1812, extending them over the territory in question. But the *charge* moved for in this case, seeks to extend the principle much further, and to prevent a possession of land from being relied on, even after the passage of the act of Congress of 1812, (when it must be admitted on all hands, that the act of limitations of twenty years was in force), and to postpone it to the further period of the confirmation of the title by Congress. This is too obviously incorrect, to require an argument to refute it.

Whether the confirmation of Congress be considered as a substantive grant of the land on which it operates, or as a mere relinquishment of the title of the United States, in either case, it cannot and was not intended to exert any influence, over the fact of possession. It does not even affirm the possession at the time of the confirmation of the title, which might then be in a trespasser. The charge moved for, being obviously wrong, was properly rejected by the court.

As the finding of the jury under the charge of the court, was on all the facts relied on in the defence, and this point being decisive of the case, it is not deemed proper, for the reasons stated in the preceding opinion, to examine the other questions raised in the cause.

Let the judgment of the court below be affirmed.